UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Case No. 17-20583
                                        HON. DENISE PAGE HOOD

ANDRE ASHLEY,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S**
**MOTIONS FOR REDUCTION IN SENTENCE [ECF Nos. 145, 149]**

**I.    Introduction**

In a letter dated April 1, 2020, Defendant requested that the Court order his early release from prison and institute home confinement [ECF No. 145], pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c). Defendant also filed a Motion for Compassionate Release dated May 1, 2020 [ECF No. 149]. Defendant cites the threat of the spread of the Novel Coronavirus 2019 ("COVID-19") at FCI-Butner as the basis for his request. In reviewing Defendant's requests, the Court finds that the requests are for a reduction in sentence and shall treat them collectively as a motion for reduction in sentence (the "Motion"). The Government timely filed a response in opposition to the Motion.

1

## II.   Background

Over the course of several months, Defendant organized a plan to steal tens of thousands of dollars by traveling from state to state committing bank fraud. He recruited coconspirators, trained them in how to impersonate others to carry out the crime, and planned when and where to commit the frauds. On August 31, 2017, the Government filed an Indictment, wherein Defendant and others were charged with: (a) aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 1344, 2; (b) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; and (c) aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 1028A, 2. [ECF No. 23] After Defendant pleaded guilty to conspiracy to commit bank fraud and aggravated identity theft, the Court sentenced him to 24 months and 36 days in prison, a sentence below his applicable guideline range of 51-57 months (and less than the parties' anticipated guideline range of 42-48 months or 45-51 months, as set forth in the plea agreement). [ECF Nos. 102, 142]

The Court notes that Defendant has ten prior convictions spanning from 2003 to the present. Three of his prior convictions related to fleeing and eluding the police, some of the same conduct in which Defendant engaged in this case. Two other prior convictions were for possession of a firearm or ammunition and a third conviction involved possession of ammunition (but was pleaded down to fleeing and eluding).

Defendant is currently incarcerated at Butner FCI in North Carolina. He is 35 years old, and his projected release date is February 2, 2021. Defendant has identified no underlying health problems, and in his PSR interview, he "advised he [was] in 'great' health and has no history of health problems."

In the Motion, Defendant has moved for release from prison because of the COVID-19 pandemic, requesting that the balance of his sentence be served under home confinement. At the time Defendant filed the Motion, he had not requested compassionate release through the Bureau of Prisons ("BOP").  Since then, it appears he  requested consideration for COVID-19 Home Confinement, a request was denied on April 28, 2020 because he did not meet the criteria. [ECF No. 148, Ex. A]

### III.    Analysis

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).  A court also must weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.   U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A).

Section 1B1.13 of the Sentencing Guidelines states that a defendant must "not

[be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and limits compassionate release to a narrow group of defendants who satisfy at least one of four categories of "extraordinary and compelling reasons." Those four categories are based upon: (1) the inmate's medical condition; (2) the inmate's age; (3) the inmate's family circumstances; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons," which the Bureau of Prisons has set forth in Program Statement 5050.50.[1] U.S.S.G. § 1B1.13 cmt. n.1. *See also United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

"Extraordinary" is defined as "exceptional to a very marked extent." Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Id.* A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreprovable harm or injustice would result if the relief is not granted." *See Sapp*, 2020 WL 515935, at *3 (citations removed). And, as the Tenth

---

[1] The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019). *See also* 18 U.S.C. § 3582(c)(1)(A).

Circuit recently explained, a district court "lack[s] jurisdiction" to grant compassionate release when a defendant's circumstances do not fall within those categories. *Saldana*, 2020 WL 1486892, at *3.

The Court first notes that Defendant has failed to exhaust his remedies. Although he requested consideration from BOP for home confinement, he never requested compassionate release from BOP. After the passage of the First Step Act in 2018, Defendant can file a motion on his own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

Defendant has not alleged or presented evidence that he exhausted his administrative appeals within the BOP, or that he waited thirty days after submitting a compassionate release request to the warden of his detainment facility. 18 U.S.C. § 3582(c)(1)(A). Defendant has not satisfied § 3582(c)(1)(A)'s mandatory exhaustion requirement; his claim is not ripe because the plain text of 18 U.S.C. § 3582(c)(1)(A) states that Defendant must either exhaust all administrative appeals or wait thirty days; Defendant has done neither. *Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480, 2489 (2015))

("If the statutory language is plain, we must enforce it according to its terms."); *United States v. Alam*, Case No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) (Cox, J.) (quoting *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016)) (denying a motion for compassionate release due to the COVID-19 outbreak for failure to exhaust).

The Court will not deny the Motion due to Defendant's failure to exhaust his remedies, however, and will address the merits of the Motion. The Court finds that Defendant does not fall into any of the "extraordinary and compelling reasons" categories. He is young (35 years old). Defendant has not identified any underlying health conditions, and it is not the Court's role to speculate as to whether Defendant has a sufficiently serious medical condition that puts him at risk during the COVID-19 pandemic. Defendant has not identified any special family obligations that would warrant his release.

Defendant did indicate that, at the time the Motion was filed, there were nine confirmed cases of COVID-19 in the facility where he is detained, Butner FCI in North Carolina. It is widely recognized, however, that the Covid-19 pandemic does not, in itself, qualify as the type of inmate-specific reason permitting compassionate release. *See, e.g., United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). As the *Raia* court stated, "the mere existence of Covid-19 in society and the

possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Id.*[2]

For the reasons set forth above, the Court concludes that nothing in the statute or U.S.S.G. § 1B1.13 supports the interpretation of § 3582(c)(1)(A) that Defendant seeks from this Court. *See Raia*, 954 F.3d at 597. Accordingly, the Court finds that Defendant's circumstances are not "extraordinary and compelling," 18 U.S.C. § 3582(c)(1)(A), and that no reduction in Defendant's sentence is warranted. The Court denies the Motion.

## IV. Conclusion

Accordingly,

IT IS ORDERED that Defendant's Motion for Reduction in Sentence [ECF No. 145] and Motion for Compassionate Release [ECF No. 149] are DENIED.

IT IS FURTHER ORDERED that the Government's Motion for an Extension of Time to File a Response [ECF No. 147] is DENIED AS MOOT.

Dated: June 10, 2020

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

---

[2] Because Defendant has not demonstrated an "extraordinary and compelling" reason for granting compassionate release, the Court does not address whether Defendant would "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g).